# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PAYROLLING.COM CORP., | CASE NO. 11-CV-1072 – IEG (DHB) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| vs. | |
| WMBE PAYROLLING, INC., et al., | [Doc. No. 63] |
| Defendants. | |

Before the Court is Defendants and Counter-Claimants' ("Defendants") motion to enforce settlement agreement or, in the alternative, to compel arbitration. [Doc. No. 63.] Plaintiff and Counter-Defendants ("Plaintiffs") filed no opposition. For the reasons below, Defendants' motion to enforce the settlement agreement is **GRANTED**.

## BACKGROUND

This case concerns a dispute over website domains and other proprietary information between two brothers who run competing payroll servicing companies. Plaintiff Payrolling.com Corp. ("Payroll Corp.") is owned and run by Bassam "Sam" Kholi. His younger brother and former employee, Defendant Samer Khouli,[1] owns and runs Defendant WMBE Payrolling, Inc. dba Target CW ("WMBE"). Plaintiff alleges that Defendants, all of whom are former employees of Payroll Corp. who left to work at WMBE, misappropriated confidential proprietary documents,

---

[1] The brothers spell their shared last name differently.

1  trade secrets, and other information from Payroll Corp.  Defendants answer with an array of
2  common law counterclaims based on failure to pay wages and Payroll Corp.'s use of real property
3  allegedly owned by Samer Khouli.

4       The case commenced in San Diego Superior Court in August 2010 and was removed to this
5  Court in May 2011 upon the filing of the operative Second Amended Complaint, [Doc. No. 1 at
6  285-310], which was the first pleading to allege federal claims. The parties actively litigated the
7  case until Plaintiff Bassam Kholi's April 24, 2012 deposition, at which time the parties expressed
8  an intention to settle.  Over the following weeks, the parties and their counsel negotiated
9  settlement terms, which were reduced to writing and signed by Plaintiffs on May 24 and 25, 2012,
10 and by all parties as of June 25, 2012. [Doc. No. 63-6 at 12-27 (Settlement Agreement).]

11      In addition to clauses releasing all claims and waiving fees and costs, the written settlement
12 agreement required, upon its execution, specific performance by the parties as follows:

13     1.    the parties were to sequentially dismiss their claims and counterclaims, [Settlement at ¶6];

14

15     2.    Plaintiffs were to obtain a court order declaring certain real property quitclaim deeds void and record that court order with the San Diego County Recorder, Defendants were to execute and record documents necessary to remove a Lis Pendens on the real property, and thereafter the parties were to enter into a standard commercial lease, [Settlement at ¶9];

16

17

18     3.    Plaintiffs were to issue neutral reference termination letters to former employee Defendants, [Settlement at ¶15];

19     4.    the parties were to issue a joint letter to customers rescinding disparaging comments made as to the other, [Settlement at ¶17].

20

21      Per its terms, the agreement was fully executed once all parties signed. [Settlement at ¶24.]
22 All parties had signed as of June 25, 2012, [*see* Settlement at 12-27], and thus the specific
23 performance outlined above was to commence immediately thereafter.  Yet, to date,
24 notwithstanding Defendants repeated inquiries and requests, [*see, e.g.*, Doc. No. 63 at 5], Plaintiffs
25 have failed to perform any of the agreed upon terms.  Thus, on January 22, 2013, approximately
26 six months after the agreement was fully signed and executed, Defendants filed the present motion
27 requesting that the Court enforce the specific performance under the settlement.  [Doc. No. 63.]
28 Plaintiffs filed no opposition brief or other response to Defendants' motion.   Defendants filed a
reply brief in support on March 7, 2013. [Doc. No. 66.]  On March 18, 2013, the Court held a

hearing on Defendants' motion. [*See* Doc. No. 68.]

## DISCUSSION

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Facebook, Inc. v. ConnectU, Inc*., 2008 WL 8820476, at *2 (N.D. Cal. June 25, 2008) (quoting *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)). "Once a settlement has been reached in a pending action, any party to the agreement may bring a motion to enforce it." *Id.* at *4 (citing *Doi v. Halekulani Corp*., 276 F.3d 1131, 1135 (9th Cir. 2002)). "[T]he court's enforcement powers include the inherent authority to order a party's specific performance of acts required by the settlement agreement and to award damages or other sanctions for noncompliance." *Id.* (citing *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 9th Cir. 1986)); *Makua v. Panetta*, 2012 WL 2370620, at *2 (D. Hawai'i Feb. 28, 2012) ("A breach or violation of a settlement agreement entitles the non-breaching party to specific performance or an award of unliquidated damages, as appropriate.").

"The construction of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759–60 (9th Cir. 1990). As applicable here, "California has a strong policy in favor of enforcing settlement agreements." *Facebook*, 2008 WL 8820476, at *4 (citing *Osumi v. Sutton*, 151 Cal.App.4th 1355, 1357 (2007)).[2] California law provides:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.

*Id*. (quoting Cal.Civ.Proc.Code § 664.6). Further, "a settlement agreement 'must be interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting.'" *Id*. (quoting *Roden v. Bergen Brunswig Corp*., 107 Cal.App.4th 620, 625 (2003)); *see also* Cal. Civ.Code, § 1636. "When the agreement is in writing, 'the intention . . . is to be ascertained from the writing alone, if possible.'" *Id*. (quoting *Brinton v. Bankers Pension Serv., Inc*., 76 Cal.App.4th 550, 559 (1999); see Cal. Civ.Code § 1639. Though "[a] settlement agreement, like any other

---

[2] [*See* Settlement at ¶25(a) ("rights and obligations [under the Settlement] shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of California.").]

- 3 - 11cv1072

1  contract, is unenforceable if the parties fail to agree on a material term or if a material term is not
2  reasonably certain," *id.* (quoting *Lindsay v. Lewandowski*, 139 Cal.App.4th 1618, 1622 (2006)),
3  "courts will not set aside contracts for mere subjective misinterpretation." *Id.* (quoting *Hedging*
4  *Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1421 (1996)).

5       Here, the written settlement agreement appears complete as to all material terms and has
6  been signed by all parties to the dispute. It addresses and releases all claims and counterclaims.
7  [Settlement at ¶4.] It expressly memorializes that all signatories intend that the agreement
8  "resolve and forever fully and completely settle" this action. [Settlement at ¶2.] It details a
9  precise sequence of specific performance by the parties to effectuate complete resolution under its
10 terms. [*See, e.g.*, Settlement at ¶¶6, 9, 15, 17, 19, 24, 25.] Read as a whole, the settlement
11 agreement appears complete and binding. *See Scott v. Napolitano*, 2012 WL 2836186 (S.D. Cal.
12 July 10, 2010) (enforcing signed settlement agreement as complete and binding under California
13 law); *Bryant v. Amtrak*, 2011 WL 291233 (S.D. Cal. Jan. 26, 2011) (same).

14      Moreover, Plaintiffs raise no objection to the agreement's existence or terms. Nor have
15 Plaintiffs asserted duress, fraud, or any other challenge to the agreement's validity or
16 enforceability. Rather, Plaintiffs simply refuse to perform. Thus, because the agreement appears
17 complete and binding, and Plaintiffs fail to raise any basis for denying enforcement, the Court
18 **GRANTS** Defendants' motion.[3]

19                                          **CONCLUSION**

20      For the foregoing reasons, the Court hereby **GRANTS** Defendants' present motion and
21 enforces specific performance under the settlement agreement as follows:

22     1.    The building located at 4626 Albuquerque Street, San Diego, California 92109 (the "Property"), is the real property of Defendant Samer Khouli. The Court Orders the
23           following deeds be reaffirmed or declared void, as follows:

24         a.    The Court reaffirms the validity of the September 9, 2009 Quitclaim Deed, on file with the San Diego County Recorder, Document Number
25                2009-0504079 conveying this property to Samer Khouli.

26         b.    The Court declares that the July 7, 2010 Quitclaim Deed on file with the San Diego County Recorder, Document Number 2010-0340944 is VOID.
27

---

28     [3]    The Court's ruling on Defendants' motion to enforce settlement renders moot Defendants' alternative motion to compel arbitration.

      c.    The Court declares that that the August 17, 2010 Correction Deed, on file with the San Diego County Recorder, Document Number 2010-0425287 is VOID.

      d.    The Court declares that the November 11, 2010 Grant Deed, on file with the San Diego County Recorder, Document Number 2010-0645817 is VOID.

      e.    The Court declares that the January 5, 2011 Quitclaim Deed, on file with the San Diego County Recorder, Document Number 2011-0008896 is VOID.

2. Within fifteen days of the Court issuing this Order, Plaintiffs and Counter-Defendants shall execute and record any and all documents necessary to remove all clouds on the title of the Property.

3. The action is fully dismissed with prejudice pursuant to Paragraph 6 of the Settlement Agreement.

4. Plaintiff Payrolling.com Corp. is ordered to execute a joint letter to customers pursuant to Paragraph 17 of the Settlement Agreement.

5. Plaintiff Payrolling.com Corp. is ordered to enter into a standard commercial lease with Defendant Samer Khouli, and to pay rent at a fair market value, or to vacate the Property, within thirty days of the Court's Orders pursuant to Paragraph 9 of the Settlement Agreement.

6. Plaintiff Payrolling.com Corp. is ordered to execute all necessary documents to remove any responsibilities or interests Defendants have in Payrolling.com's sister-corporations and subsidiaries, including foreign corporations pursuant to Paragraph 10 of the Settlement Agreement.

7. Plaintiff Payrolling.com Corp. to send out neutral "Termination Letters" of Defendants' employment within 30 days pursuant to Paragraph 15 of the Settlement Agreement.

**IT IS SO ORDERED.**

**Dated: March 20, 2013**

**IRMA E. GONZALEZ**
**United States District Judge**