# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYROLLING.COM CORP., <br><br> Plaintiff, <br><br> vs. <br><br> WMBE PAYROLLING, INC., et al., <br><br> Defendants. | CASE NO. 11-CV-1072 – IEG (DHB) <br><br> **ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS INCURRED ENFORCING THE SETTLEMENT AGREEMENT** <br><br> [Doc. No. 74] |

Before the Court is Defendants' motion for attorneys' fees and costs incurred enforcing the parties' settlement agreement. [Doc. No. 74.] For the reasons below, Defendants' motion is **GRANTED**.

## BACKGROUND

This case arose from a dispute over website domains between competing payroll servicing companies, Plaintiff Payrolling.com Corp. ("Payroll Corp.") and Defendant WMBE Payrolling, Inc. dba Target CW ("WMBE"). Beginning in April 2012, the parties and their counsel negotiated settlement terms, which were reduced to writing and signed by Plaintiffs on May 24 and 25, 2012, and by all parties as of June 25, 2012. [Doc. No. 63-6 at 12-27 (Settlement Agreement).]

In addition to clauses releasing all claims, the written settlement agreement required, upon its execution, specific performance by the parties as follows:

1. the parties were to sequentially dismiss their claims and counterclaims,

|     |     |                                                                                                                                                                                                                                                                                                                                                                     |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| 1   |     | [Settlement at ¶6];                                                                                                                                                                                                                                                                                                                                                 |
| 2   | 2.  | Plaintiffs were to obtain a court order declaring certain real property quitclaim deeds void and record that court order with the San Diego County Recorder, Defendants were to execute and record documents necessary to remove a Lis Pendens on the real property, and thereafter the parties were to enter into a standard commercial lease, [Settlement at ¶9]; |
| 3   | 3.  | Plaintiffs were to issue neutral reference termination letters to former employee Defendants, [Settlement at ¶15];                                                                                                                                                                                                                                                  |
| 4   | 4.  | the parties were to issue a joint letter to customers rescinding disparaging comments made as to the other, [Settlement at ¶17].                                                                                                                                                                                                                                    |

Per its terms, the agreement was fully executed once all parties signed. [Settlement at ¶24.] All parties had signed as of June 25, 2012, [*see* Settlement at 12-27], and thus the specific performance outlined above was to commence immediately thereafter. The agreement also included an explicit attorneys' fees clause, providing that "[t]he prevailing party of any action in connection with their meritorious enforcement of the Agreement shall be entitled to reasonable attorneys' fees and costs." [Settlement at ¶25(c).]

As of January 2013, and notwithstanding Defendants' repeated inquiries and requests, [*see, e.g.*, Doc. No. 63 at 5], Plaintiffs had failed to perform any of the agreed upon terms. Thus, on January 22, 2013, approximately six months after the agreement was fully signed and executed, Defendants filed a motion requesting that the Court enforce specific performance under the settlement. [Doc. No. 63.] Plaintiffs failed to file any opposition brief or otherwise respond, and Defendants filed a reply brief in support on March 7, 2013. [Doc. No. 66.] On March 18, 2013, the Court held a hearing, [*see* Doc. No. 68], and on March 20, 2013, granted in full Defendants' motion to enforce the settlement. [Doc. No. 70.]

By the present motion, Defendants seek attorneys' fees and costs for their successful enforcement of the settlement against Plaintiffs. [Doc. No. 74.] Plaintiffs filed an opposition brief, [Doc. No. 75], and Defendants filed a reply brief, [Doc. No. 77].

///

# DISCUSSION

Defendants seek attorneys' fees and costs pursuant to ¶25(c) of the Settlement, which provides that "[t]he prevailing party of any action in connection with their meritorious enforcement of the Agreement shall be entitled to reasonable attorneys' fees and costs." [Settlement at ¶25(c).] Plaintiffs do not contest the validity or applicability of this provision, but rather assert two arguments: (1) Defendants do not qualify as a prevailing party; and (2) the requested fees and costs are unreasonable. Neither argument is persuasive.

### 1. Defendants Qualify as a Prevailing Party

Under applicable California contract law,[1] "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing . . . shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717(a). "[T]he party prevailing . . . shall be the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). In determining whether a party has prevailed, "[s]ubstance rather than form should be respected and to this extent the trial court should be guided by equitable considerations." *U.S. Fidelity and Guar. Co. v. Scott Cos., Inc.*, 2007 WL 2729330, at *3 (N.D. Cal. Sept. 18, 2007). "That is, 'status as the party prevailing [] is ascertained not by technicalities of pleading and procedure but by a pragmatic assessment of the parties' ultimate positions vis-à-vis their litigation objectives as reflected in pleadings, prayers, and arguments." *Id*. (quoting *Estate of Drummond*, 149 Cal. App. 4th 46, 51 (Cal. Ct. App. 2007). Still, "[w]hen a defendant obtains a simple, unqualified victory . . ., section 1717 entitles the successful defendant to recover" and "[t]he trial court has no discretion to deny attorney fees." *Hsu v. Abbara*, 9 Cal. 4th 863, 877 (1995).

---

[1] *See* Settlement at ¶25(a) ("the rights and obligations hereunder . . . shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of California.").

Here, Defendants moved to enforce the settlement and the Court granted that motion in full.  [*See* Doc. Nos. 63, 70.]  As a result, Defendants received the entire relief sought, *i.e.*, dismissal of Plaintiffs' claims with prejudice, Plaintiffs' specific performance under the terms of the settlement, and reaffirmation of Defendants' deed to real property purportedly worth over $1 million.  [*See* Doc. No. 70.]  Given such "simple, unqualified victory" in enforcing the settlement agreement, Defendants unquestionably qualify as a prevailing party under Cal. Civ. Code § 1717 and, accordingly, ¶25(c) of the Settlement.  *Hsu*, 9 Cal. 4th at 877; *see also U.S. Fidelity*, 2007 WL 2729330, at *3 (party enforcing settlement agreement held prevailing party because they "obtained their primary litigation objective").

### 2. Defendants Request Reasonable Fees and Costs

Under § 1717, "the trial court has broad authority to determine the amount of a reasonable fee."  *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000)). "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award."  *Id*.  Accordingly, "the fee setting inquiry . . . ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."  *Id*.  "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided."  *Id*.  "Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary."  *Id*.

Here, Defendants seek a total of $70,993.35 in fees and expenses incurred from June 2012 to present in enforcing the settlement agreement against Plaintiffs.  This amount includes the cost of researching and drafting motions to enforce the settlement, to alternatively compel arbitration, and for fees incurred in so enforcing the settlement.  Defendants also seek the cost of depositions, researching and drafting correspondence, and other discovery undertaken in relation to these

enforcement efforts.  In support, Defendants submit thorough time entries and reports, including precise time records (recorded in tenths of an hour), the applicable hourly rates, detailed task summaries, and the resulting billable amounts.  [*See* Doc. No. 74-1, Ex. B.]  These reports reflect hourly rates of $125, $200, and $350 for respective paralegal, junior associate, and senior attorney time, all falling well within typical rates for legal work by attorneys and support staff of comparable experience.  [*Id.*]  Defendants also submit detailed summaries of related electronic research costs.  [*See* Doc. No. 74-1, Ex. A.]  Defendants' meticulous billing records establish the reasonableness of the time spent and rates charged, as well as the direct relationship of each task to Defendants' settlement enforcement efforts.  Moreover, the total request reflects a simple lodestar, *i.e.*, actual fees and costs incurred without any modifier for the risk of nonpayment, the complexity of the issues involved, or the intransigence of Plaintiffs' counsel.  As such, the Court finds Defendants' requested fees and costs eminently reasonable.

Because Defendants qualify as a prevailing party, the reasonable fees and cost incurred in settlement enforcement, and requested here, are recoverable under ¶25(c) of the Settlement.  *See* Cal. Civ. Code § 1717; *see also Hsu*, 9 Cal. 4th at 877; *U.S. Fidelity*, 2007 WL 2729330, at *3.  Accordingly, Defendants' present motion for attorneys' fees and costs in the amount of $70,993.35 is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion in its entirety.

**IT IS SO ORDERED.**

**Dated:** September 11, 2013

**IRMA E. GONZALEZ**
**United States District Judge**